846 F.2d 71
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shaw M. JOHNSON, Plaintiff-Appellant,
v.
Cameron EATON, Defendant-Appellee,
and
ELAND COMPANY, INC., Defendant,
v.
Edwin E. SMITH, Third Party Defendant-Appellee.
 No. 87-2625.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1988.
Decided April 29, 1988.
 
 John G. Shea (Shea & Shea, Edward Leigh Hogshire, Buck, Hogshire & Gouldman, Ltd. on brief) for appellant.
 Holmes C Harrison (Harrison & Thumma on brief), Melvin Bruce Wallinger (Wharton, Aldhizer & Weaver on brief) for appellees.
 Before HARRISON L. WINTER, Chief Circuit Judge, CHAPMAN, Circuit Judge, and JAMES B McMILLAN, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Shaw M. Johnson appeals the order of the district court entering judgment on a jury verdict in favor of the defendant, Cameron Eaton, and denying Johnson's motions for judgment notwithstanding the verdict and for a new trial. Johnson brought this action against Eaton to recover damages for personal injuries sustained in a collision between a pickup truck and a tractor-trailer. Because the district court erroneously submitted the issue of contributory negligence to the jury, we reverse and remand to the district court for a new trial.
 
 
 2
 * Johnson was a passenger in a pickup truck operated by Eaton. They were on Interstate 66 near Front Royal, Virginia returning from a ski trip to the Bryce Mountain ski resort. After they had stopped for pizza and soft drinks at a Pizza Hut restaurant, Johnson offered to drive, but Eaton refused, saying that she was "fine" and would continue driving. After the trip resumed, Johnson fell asleep on the passenger's side of the truck. She was awakened when the pickup truck suddenly veered off the roadway onto the shoulder. Johnson screamed "Look out!," but the pickup truck immediately crashed into the rear of a tractor-trailer truck, operated by Edwin E. Smith, which was parked on the shoulder of the roadway. The weather was clear and cold, and the highway was dry and slightly curved at the point of the accident.
 
 
 3
 Testimony of the investigating police officer indicated there was no evidence that Eaton attempted to stop the pickup truck prior to striking the tractor-trailer truck. There was no evidence of mechanical failure, nor was there evidence that the accident was caused by sudden illness or incapacity. The officer testified that Eaton stated at the scene of the accident that she did not recall the accident itself, but that she "may have fallen asleep" or "could have fallen asleep at the wheel."
 
 II
 
 4
 A passenger has no duty to direct the driver of a vehicle under Virginia law unless (1) it becomes clear that the passenger has misplaced his confidence in the driver or (2) the passenger has reason to believe the driver is unaware of danger or is not taking precautions against apparent danger. In either case there must be sufficient time in which to give an effective warning. Krizak v. W.C. Brooks & Sons, Inc., 320 F.2d 37, 40 (4th Cir.1963). The mere fact that a passenger was sleeping prior to the collision does not alone constitute contributory negligence. Newell v. Riggins, 197 Va. 490, 90 S.E.2d 150 (1955).
 
 
 5
 In this case, there is no evidence to indicate that Johnson had lost confidence in Eaton's ability to operate the vehicle, nor is there evidence that would indicate she should have been concerned about Eaton's driving ability. While Johnson did offer to drive following the stop at the restaurant, there is no indication that she did so because she was concerned about Eaton's ability to operate the pickup truck safely.
 
 
 6
 Clearly under the Krizak formulation, Johnson was under no duty until she had reason to believe Eaton was unaware of any danger. Therefore, while she slept, Johnson had no duty to warn. Even after she awoke and became aware of the impending collision with the tractor-trailer truck, she was under no duty unless she had reason to believe that Eaton was unaware of the impending danger. Johnson screamed, "Look out!" and the collision happened immediately after her exclamation. If on such short notice Johnson had a duty to warn Eaton, the evidence reflects that she gave a warning as soon as she was aware of the danger.
 
 
 7
 There is no evidence in the record to support a defense of contributory negligence and it was error for the trial judge to instruct the jury on this issue. Because we believe this error prejudiced Johnson, a new trial is appropriate[1].
 
 III
 
 8
 On January 8, 1988, Edwin E. Smith, the third party defendant-appellee, filed a motion to be dismissed as a party to this appeal. Appellant Johnson has not asserted any claim against the third party defendant in either her original or her amended complaint, and at trial she did not expressly, or by implication, assert that Smith was liable. To the contrary, one of appellant's claims of error was that the trial judge did not charge the jury that the presence of Smith's tractor-trailer on the shoulder of the road was not a proximate cause of the accident. Prior to trial the district court granted Smith's motion for summary judgment. Smith was not called as a witness by either party. No claim was made that he was negligent. The first objection by appellant Johnson to the granting of the summary judgment was the filing of the appellant's Amended Notice of Appeal.
 
 
 9
 The motion to dismiss Smith as a party to the appeal is granted. The plaintiff-appellant did not assert a claim against the third-party defendant Smith, and the third-party plaintiff has not appealed from the judgment of the district court in granting summary judgment and in dismissing the action as to the third-party defendant.
 
 REVERSED AND REMANDED
 AND APPEAL DISMISSED AS
 
 10
 TO THIRD PARTY DEFENDANT.
 
 
 
 [1]
 This is a case that would have been helped by the use of special interrogatories. If the case had been submitted to the jury on special interrogatories so that the verdict would reflect whether the jury decided the case on the issue of contributory negligence, a retrial might not have been necessary